IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF CUYAHOGA, | ) | CASE NO. |
| STATE OF OHIO | ) | |
| 1219 ONTARIO STREET | ) | |
| CLEVELAND, OHIO | ) | JUDGE |
| | ) | |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR |
| v. | ) | DECLARATORY RELIEF |
| | ) | AND DAMAGES |
| FEDERAL HOUSING FINANCE | ) | |
| AGENCY, CONSERVATOR FOR THE | ) | |
| FEDERAL HOME MORTGAGE | ) | |
| CORPORATION (FREDDIE MAC) | ) | |
| 400 7th STREET, SW | ) | |
| WASHINGTON D.C., 20024 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| FEDERAL HOME MORTGAGE | ) | |
| CORPORATION (FREDDIE MAC) | ) | |
| 8200 JONES BRANCH DRIVE | ) | |
| McLEAN, VIRGINIA 22102-3110 | ) | |
| | ) | |
| Defendant | ) | |

Now comes William D. Mason, the Prosecuting Attorney of Cuyahoga County, Ohio, who avers and states:

## NATURE OF THE ACTION

1. This civil action is brought by the Prosecuting Attorney of Cuyahoga County on

    behalf of Cuyahoga County, Ohio against the Defendants to recover unpaid

    transfer taxes under Ohio law from 2002 to date that have been intentionally,

    fraudulently and deceitfully withheld by the Defendants in the course of it taking

1

and transferring title to real property in Cuyahoga, County, Ohio. Plaintiff seeks a declaration that it is entitled to recover, and the recovery of all unpaid real estate transfer/excise taxes from 2002 to the present date from Defendants, together with all other relief in law and equity to which it is entitled;

## THE PARTIES

2. Cuyahoga County is a political subdivision of the State of Ohio having its principal offices at 1219 Ontario Street, Cleveland, Ohio;

3. Cuyahoga County, Ohio operates under a charter form of government;

4. William D. Mason is the duly elected Prosecuting Attorney of Cuyahoga County, Ohio and authorized pursuant to Ohio Revised Code §309.01 et seq. to bring suit on behalf of Cuyahoga County for the collection of any money, taxes or property due the County;

5. Edward FitzGerald is the duly elected Chief Executive officer of Cuyahoga County, Ohio possessing all powers and duties of an administrative nature as are vested in or imposed upon boards of county commissioners by the laws of Ohio;

6. Wade Steen is the Fiscal Officer of Cuyahoga County, Ohio, duly appointed by the Chief Executive officer of Cuyahoga County, and is responsible for the collection of fees and taxes due and owing Cuyahoga County arising from the transfer of real property, inter alia, in Cuyahoga County, and the recording of deeds within Cuyahoga County, inter alia;

7. Defendant Federal Housing Finance Agency is an agency of the United States authorized under 12 U.S.C. §1716, and having a principal place of business at 400 7th Street SW, Washington D.C. 20024;

2

8.  Defendant Federal Housing Finance Agency is the Conservator for the Federal Home Loan Mortgage Corporation, a.k.a. FREDDIE MAC, pursuant to 12 U.S.C. §4501 et seq. and 12 U.S.C. §§4617(b)(2);

9.  Defendant FREDDIE MAC is a federally chartered, privately held and publicly traded corporation having its principal place of business at 8200 Jones Branch Dr., McLean, Virginia 22102;

## VENUE & JURISDICTION

10.  This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(d).  The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000;

11.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff's state law claims require the interpretation of federal law;

12.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §2201-02. Plaintiff seeks a declaration that Defendants are not exempt from the payment of real estate transfer taxes and penalties under federal law;

13.  Venue is proper in this Court under 28 U.S.C. §1391(b)(2) in light of the Defendant FREDDIE MAC's intentional and fraudulent conduct in failing and refusing to pay Plaintiff its proper and legal real estate transfer taxes;

14.  Venue is proper in this Court as the Defendants, at all times relevant to this litigation, have regularly conducted business within Cuyahoga County, Ohio, to wit: the acquisition, sale and/or transfer of real estate situated in Cuyahoga County, Ohio within the jurisdiction of this Court since at least January 1, 2002;

## COUNT ONE – FRAUD

15. Ohio Revised Code §319.54 requires each County in Ohio to collect ten cents (10¢) for each one hundred dollars ($100) or fraction thereof, of the value of real property transferred within its jurisdiction;

16. Ohio Revised Code §322.02 permits each Ohio county, by resolution adopted by the board of county commissioners, to enact a real property tax on each deed conveying real property or any interest in real property located wholly or partially within the boundaries of the county in order to pay the costs of enforcing the tax and provide general revenue for the county;

17. On November 7, 1985 the Board of Commissioners of Cuyahoga County enacted, by resolution, a real property tax, payable by the grantor, on each deed conveying real property or any interest therein, located wholly or partially within its boundaries pursuant to Ohio Revised Code §319.202. ;

18. From November 7, 1985 to the present time, the tax on real estate conveyed in Cuyahoga County has been four dollars ($4) per thousand dollars of real value conveyed, or fraction thereof (.4%), as authorized by Ohio Revised Code §§319.202 and 322.04;

19. Ohio Revised Code §322.04 permits any County that has enacted an excise tax on the transfer or real property to bring suit in any court of competent jurisdiction to recover the amount of taxes due the county and not paid to the county as required by law;

20. Ohio Revised Code §§322.04 and 322.99 entitles a county bringing suit for the payment of unpaid excise taxes to receive a penalty of 10% of the amount of such tax due and owing, and a fine of not less than one hundred nor more than one

4

thousand dollars for each real estate conveyance wherein excise taxes are due and owing the county.

21. Since 2002, the Defendant FREDDIE MAC has been the grantor on numerous real estate deed transfers in Cuyahoga County in which it recorded real property deeds and/or transfer documents with the Office of the Fiscal Officer of Cuyahoga County;

22. Defendant FREDDIE MAC has refused to pay the fees and transfer taxes due and owing on real estate transfers to it as mortgage guarantor, and on real estate transfers from it, as Grantor, to subsequent purchasers of real property since 2002;

23. Defendant FREDDIE MAC has repeatedly falsely claimed to Plaintiff that it is exempt from the requirement of paying Ohio real estate transfer taxes. Plaintiff detrimentally relied upon Defendants repeated false statements and representations causing a loss of tax to Plaintiffs;

24. Defendant FREDDIE MAC has deliberately failed to pay the transfer taxes due and owing to Plaintiff on the grounds that it is an exempt governmental entity;

25. Defendant FREDDIE MAC is a privately held and publicly traded corporation not entitled to an governmental tax exemption from payment of the real estate transfer fees and taxes to Plaintiff;

26. Defendant FREDDIE MAC is legally required to pay Plaintiff transfer taxes when it records transfers from a mortgagor by virtue of it being a guarantor of the mortgage;

27. Defendant FREDDIE MAC is legally required to pay Plaintiff's excise and transfer taxes when transfers of ownership interests in real property owned by it are recorded with the County;

5

28. Defendant FREDDIE MAC has intentionally failed to pay the Plaintiff the excise and transfer taxes due it on real estate transfers from it to subsequent purchasers and on real estate transfers to it by virtue of it being guarantor of foreclosed mortgages;

29. The unpaid fees and transfer taxes at issue herein are excise taxes and not direct taxes as a matter of law requiring payment by Defendant herein;

30. Pursuant to Ohio Revised Code §§322.02 and 319.54, the Plaintiff is entitled to recover all unpaid fees and transfers taxes from the Defendants, together with a penalty of ten percent (10%) of the amount of such fees and transfer tax;

31. Defendant FREDDIE MAC's claim that it is a governmental entity exempt from the fees and transfer taxes was made intentionally, with deceit, and with the purpose to deprive, deceive and defraud Cuyahoga County of its lawful fees and transfer taxes entitling Plaintiff to damages and penalties under Ohio Revised Code §§322.04 and 322.99 and the laws of Ohio;

## COUNT TWO – DECLARATORY JUDGMENT

32. Plaintiff reasserts and re-alleges the averments contained in paragraphs 1 – 30 as if fully set forth herein;

33. Plaintiff asserts that it is owed real estate transfer taxes and penalties from Defendant as a result of Defendant's conduct within Cuyahoga County from 2002 to the present time;

34. Defendant has asserted that federal law exempts it from the payment of real estates taxes and penalties demanded by the Plaintiff;

35. A justiciable controversy exists between the Plaintiff and Defendants that is suitable and appropriate for resolution pursuant to 28 U.S.C. §§2201-02;

36. Plaintiff seeks a declaration pursuant to 28 U.S.C. §§2201-02 that the Defendants are not exempt from the payment of real estate transfer/excise taxes under state / federal law.

**COUNT THREE – UNJUST ENRICHMENT**

37. Plaintiff reasserts and re-alleges the averments contained in paragraphs 1-30 as if fully set forth herein;

38. As a result of Defendants intentional deceptive and fraudulent conduct and their refusal to pay Plaintiff the real estate transfer taxes proscribed by Ohio law, the Defendants have been unjustly enriched.

39. Plaintiff seeks to recover all monies, taxes and funds legally owed to it by Defendants together with all fees, costs and penalties available to under Ohio Revised Code §1333.63, the general and common law of Ohio and in equity.

**COUNT THREE – QUANTUM MERUIT**

40. Plaintiff reasserts and re-alleges the averments contained in paragraphs 1-38 as if fully set forth herein;

41. Defendants intentionally and purposefully requested Plaintiff to record the real estate deeds and instruments associated with the transfer of its real estate interests in Cuyahoga County, Ohio;

7

42. Plaintiff in recording the real estate deeds and instruments associated with the Defendants' real estate transactions in Cuyahoga County has provided good and valuable services benefiting the Defendants;

43. Defendants failure to pay the real estate transfer taxes required by law and to compensate Plaintiff for the services provided in recording the Defendants real estate deeds and instruments s inequitable and unjust;

44. At all times Plaintiff expected and demanded payment of the real estate transfer taxes due and owing and arising from Defendants request to record its real estate deeds and instruments;

45. Defendants knowingly, purposefully and unjustly benefited from its unlawful claim of exemption from paying Ohio's real estate transfer taxes;

46. Plaintiff demands repayment of all taxes due and owing but falsely, fraudulently and deceitfully withheld by the Defendants, together with all costs, penalties, fees, interest and damages (compensatory and punitive in law and equity.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff hereby demands judgment against Defendants :

1.   Declaring that they are not exempt from paying the fees and transfer Taxes owed Plaintiff under Ohio law;

2.   Declaring that the Defendant FREDDIE MAC is a privately held, publicly traded corporation and not a governmental entities;

3.   Declaring that the Defendant FREDDIE MAC intentionally defrauded the Plaintiff to avoid the payment of Ohio real estate transfer taxes;

8

4.     Requiring Defendants, jointly and severally, to pay all real estate transfer taxes prospectively;

5.     Ordering Defendants, jointly and severally, to pay Plaintiff the full value of its unpaid real estate transfer taxes, plus statutory interest from the 2002 to the present time;

6.     Awarding Plaintiff punitive damages as allowed by law;

7.     Awarding Plaintiff a penalty of ten percent (10%) for all unpaid fees and transfer taxes; and

8.     Awarding Plaintiff the costs of this action, including reasonably attorney's fees, pre- judgment interest, and all other relief to which it is entitled in law and equity as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by Jury on all issues raised in this Complaint.

**WILLIAM D. MASON**
**Prosecuting Attorney of Cuyahoga County, Ohio**

By:     s/Michael A. Dolan

William D. Mason (0037540)
Prosecuting Attorney
Michael A. Dolan (0051848)
Assistant Prosecuting Attorney
Civil Division
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 443-7795/Fax: (216) 443-7602

ATTORNEYS FOR PLAINTIFF

9